Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000041
09-JAN-2012
08:31 AM

NO. CAAP-10-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee, v.
ANDREW KEONE KAOIHANA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 07-1-0400)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Andrew Keoni Kaoihana (**Kaoihana**)
appeals from the Judgment of Conviction and Sentence filed on
September 3, 2010, in the Circuit Court of the First Circuit
(**Circuit Court**).[1]  On July 9, 2008, Kaiohana waived his right to
a trial, and pled guilty to one count of Burglary in the Second
Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-811
(1993) (**Burglary**) and one count of Attempted Theft in the First
Degree in violation of HRS §§ 705-500 and 708-830.5 (1993 & Supp.
2010) (**Attempted Theft**).  On September 18, 2009 Kaoihana moved to
withdraw his guilty pleas.  After a hearing, on January 28, 2010,
the Circuit Court entered an order denying Kaoihana's motion to
withdraw his plea.  On September 3, 2010, the Circuit Court
sentenced Kaoihana to five years imprisonment on the Burglary
count and ten years imprisonment on the Attempted Theft count,
with mandatory minimum sentences stemming from Kaoihana's repeat
offender status.

---

[1]    The Honorable Karen S.S. Ahn presided.

On appeal, Kaoihana raises a single point of error, contending that the Circuit Court erred by not allowing him to withdraw his guilty pleas.[2/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaoihana's contention as follows:

As explained by defense counsel at the hearing on the motion to withdraw guilty pleas, Kaoihana changed his pleas to guilty so that he could enter into treatment at the Sand Island Treatment Center. However, after Kaoihana was later terminated from the program, he wanted to withdraw his pleas. Kaoihana argued below, as he argues on appeal, that the colloquy of the Circuit Court[3/] was inadequate because "the Court failed to inform [him] that [he] had a right to persist in his pleading not guilty and proceed to trial no matter how strong the evidence was against him.' In addition, Kaoihana argues that the plea was not valid because the Circuit Court "should have discussed the elements of what constituted an attempted theft[.]"

A defendant does not have an absolute right to withdraw a guilty plea. See, e.g., State v. Jim, 58 Haw. 574, 575, 574 P.2d 521, 522 (1978). In State v. Topasna, 94 Hawai'i 444, 16 P.3d 849 (App. 2000), this court discussed the withdrawal of a guilty plea:

> Accordingly, when the motion to withdraw guilty plea is made after sentence is imposed, the "manifest injustice" standard applies to the court's consideration of the motion. On the other hand, where . . . the motion is made before the court passes sentence, a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the

---

[2/] Kaoihana's points of error fail to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). His points of error contain none of the required citations to the record. We have, nevertheless, reviewed the merits of Kaoihana's appeal.

[3/] A different judge, the Honorable Karl K. Sakamoto, presided over the guilty pleas at issue here.

prosecution has not relied upon the guilty plea to its
substantial prejudice.

Where the record pertaining to the motion to withdraw
guilty plea is complete, . . . the defendant has the burden
of establishing plausible and legitimate grounds for the
withdrawal.
. . . .

The two fundamental bases for showing a "fair and just
reason" for withdrawing a guilty plea are (1) that the
defendant did not knowingly, intelligently and voluntarily
waive the rights relinquished upon pleading guilty, or (2)
that changed circumstances or new information justify
withdrawal of the plea.

Where the first fundamental basis is concerned, . . .
the defendant is entitled to withdraw the guilty plea if (1)
the defendant has not entered the plea knowingly,
intelligently, and voluntarily; (2) there has been no undue
delay in moving to withdraw the plea; *and* (3) the
prosecution has not otherwise met its burden of establishing
that it relied on the plea to its substantial prejudice.
. . . .

Generally, we review the trial court's denial of a
motion to withdraw guilty plea for abuse of discretion.

. . . [If] our evaluation of the court's exercise of
its discretion hinges solely upon the constitutional inquiry
whether [the defendant] knowing[ly], intelligently and
voluntarily entered his [or her] pleas of guilty[,] . . .
the underlying and determining mode of review . . . is *de
novo*, i.e., according to the right/wrong standard, based
upon an examination of the entire record.

Id. at 451-52, 16 P.3d at 856-57 (internal quotation marks,
citations, and original brackets omitted; format altered).

Here, Kaoihana moved to withdraw his pleas prior to
sentencing. Kaoihana asserts, and the State does not deny, that
the State did not present sufficient evidence that it relied upon
Kaoihana's plea to its substantial prejudice. Likewise, it does
not appear that there was any substantial delay in filing the
motion to withdraw the pleas. Thus, the issue before us is
whether Kaoihana presented a "fair and just reason" for
withdrawing his plea.

Kaoihana cites no authority supporting his argument
that he should have been allowed to withdraw his pleas because
the Circuit Court did not specifically inform him that he "had a

3

right to persist in his pleading not guilty and proceed to trial no matter how strong the evidence was against him." (Emphasis added.)  The law does not require such an advisement.  Upon review of the transcript of the July 9, 2008 proceedings, it appears that the court thoroughly discussed with Kaoihana his right to proceed to a trial by either a judge or jury, including, *inter alia*, his right to confront witnesses, challenge evidence, call witnesses, raise defenses, testify (or not testify), as well as the consequences of giving up those rights.

Similarly, Kaoihana cites no authority supporting his argument that the court's colloquy was inadequate because it did not specifically set forth the elements of the offense of Attempted Theft.  Although the court taking a defendant's plea must determine that the defendant understands "the nature of the charge to which the plea is offered," this requirement does not mean that the court must explain the elements of the offense to the defendant.  Hawaiʻi Rules of Penal Procedure (HRPP) Rule 11(c)(1); see, e.g., State v. Harned, 135 P.3d 1169, 1185 (Kan. 2006); Bradshaw v Stumpf, 545 U.S. 175, 183 (2005).  The Circuit Court specifically queried Kaoihana about the two-page guilty plea form that he had signed.  In response to the court's questions, Kaoihana stated, *inter alia*, that he read the guilty plea form, he understood it, his attorney went over it thoroughly with him, his attorney answered all of his questions, his attorney explained the charges to him, his attorney went over the evidence and police reports with him, he had no questions about the charges, and he was satisfied with the work and advice that his attorney had given him.  The written plea form signed by Kaoihana stated, *inter alia*, that Kaoihana received a written copy of the original charges (which set forth the elements of the charges), that the charges had been explained to him, that he understood the charges, and his lawyer had explained, *inter alia*, the facts that the State had to prove in order to convict him.

The plea form also stated that Kaoihana was pleading guilty because, after discussing the evidence and receiving advice on the law from his lawyer, he believed he was guilty, and included the following statement of the facts establishing his guilt, which Kaoihana repeated aloud in open court, in conjunction with the court's colloquy:

> On February 26, 2007, at approximately 3:00 a.m., I was caught by police inside of the 14 Karat Club jewelry store located in Waikiki with numerous pieces of jewelry in the store. I did not have permission to be in the Karat Club, nor have permission to take any jewelry.

Kaoihana later testified (after he was terminated from the Sand Island treatment center), and argued, that he had not fully understood what he was pleading guilty to - "I was thinking of pleading guilty to the burg second, not the theft one . . . that one slipped past me.' We conclude, however, that the Circuit Court did not err in determining that Kaoihana's guilty pleas were entered intelligently, knowingly, and voluntarily, with a complete understanding of the charges against him and the consequences of changing his pleas to guilty. Kaoihana does not argue any change of circumstances justifying withdrawal of the pleas.

For these reasons, the Circuit Court's Judgment of Conviction and Sentence filed on September 3, 2010 is affirmed.

DATED: Honolulu, Hawai'i, January 9, 2012.

On the briefs:

Richard D. Gronna
for Defendant-Appellant

Loren J. Thomas
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

5